

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **RACHEL SELIGMAN WEISS**<br>*Senior Counsel*<br>rseligma@law.nyc.gov<br>Phone: (212) 356-2422<br>Fax: (212) 356-1148 |

April 13, 2023

**VIA ECF**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re: <u>Maurice Goode v. City of New York, et. al.,</u> 23-CV-2533 (DLC)

Your Honor:

      I am a Senior Counsel in the Office of Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing Defendant City of New York ("City") in the above-referenced action.[1] Defendant City writes to respectfully request a sixty-day enlargement of time, from April 17, 2023 until June 16, 2023, for defendant City to answer or otherwise respond to the Complaint. Plaintiff's counsel does not consent to this request.[2] This is defendant City's first request for an enlargement of time to answer and plaintiff will not be prejudiced in any way if Your Honor is inclined to grant this request.

      By way of background, plaintiff alleges that, on or about September 18, 2021, he was sent to Rikers Island where he, along with other inmates, were left shackled on a bus for 18 hours because there were not enough staff members to process the new detainees. *See* Compl. ¶¶ 27-29. As a result, plaintiff alleges that they did not have access to bathrooms, food, water, or any other basic services. *Id*. at ¶ 30. Plaintiff further alleges that, approximately one day later after he disembarked from the bus and was allowed into the intake area, he was forced to sleep standing up for several days which caused plaintiff pain and swelling to his legs. *Id*. at ¶¶ 34. Plaintiff further alleges that at one of his new units he was threatened by gang members and, after being transferred to a new unit, he was assaulted by several inmates. *Id*. at ¶¶ 39-48. Plaintiff further

---

[1] This matter is being handled primarily by Assistant Corporation Counsel Felix DeJesus. Mr. DeJesus is currently on grand jury duty until early May. As such, this letter is submitted on his behalf.

[2] The undersigned conferred with plaintiff's counsel regarding this request and she indicated that she could only agree to this request on the condition that defendant agreed to "not to delay in identifying the Doe defendants during this period and ask that you please disclose the first name, shield number, and current command of Officer Hurd so he can be properly served as well." In response, the undersigned indicated that defendant could not agree to this condition as this case, which involves a September 2021 incident, does not warrant the need for expedited discovery of any sort and that it takes time for this Office to obtain documentation from the Department of Correction. Nevertheless, defendant indicated that the aforementioned information would be provided in connection with our obligations under F.R.C.P. 26.

alleges that when he requested to be seen at an outside hospital for a full assessment of his injuries following his assault, the request was denied. *Id*. at ¶ 50. Last, plaintiff alleges that he went without his antipsychotic medication for the entirety of his detention even after a suicide attempt on October 8, 2021 which resulted in him going to Lincoln Hospital where he was diagnosed with major depressive disorder. *Id*. at ¶¶ 64-68. Plaintiff now brings, *inter alia*, § 1983 claims for unconstitutional conditions of confinement, failure to protect, and municipal liability, along with other claims.

On March 24, 2023, plaintiff initiated this case by filing the complaint. *See* ECF No. 1. On March 27, 2023, proof of service was filed indicating that defendant City had been served and that an answer is due on April 17, 2023. *See* ECF No. 5.

An enlargement for time to answer or otherwise respond to the Complaint is necessary in order to facilitate the City's investigation into the facts of this case pursuant to Rule 11 of the Federal Rules of Civil Procedure. Before the City can adequately respond to the Complaint, it must investigate the facts of the case, which includes obtaining records from the New York City Department of Corrections ("DOC") relating to Plaintiffs' claims. To that end, this office has already sent plaintiff the necessary releases for his execution.

For the foregoing reasons, it is respectfully requested that the Court enlarge defendant City's time to respond to the Complaint until June 16, 2023. Thank you for your consideration herein.

Respectfully submitted,

*Rachel Seligman Weiss /s*

Rachel Seligman Weiss
Senior Counsel

cc:   **VIA ECF**
      *All attorneys to be noticed*